UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RONALD HARDING, individually of Owls Head, Maine<br><br>PAMELA HARDING, individually of Owls Head, Maine<br><br>            Plaintiffs,<br><br>v.<br><br>MATTHEW LINDAHL, an individual Employed as a Sergeant with the City of Rockland, Maine Police Department,<br><br>And<br><br>BRUCE BOUCHER, in his official capacity As Chief of Police of the City of Rockland, Maine<br><br>            Defendants. | Docket No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### COUNT I

### VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

1) The Plaintiff, Ronald Harding is an individual residing 26 Ingraham Drive, in the Town of Owls Head, County of Knox, State of Maine.

2) The Plaintiff, Pamela Harding is an individual residing 26 Ingraham Drive, in the Town of Owls Head, County of Knox, State of Maine.

3) The Defendant, Matthew Lindahl, is being sued in his personal capacity and was, at all times relevant, a Sergeant at the City of Rockland Police Department.

4) The Defendant, Rockland Police Department, is being sued in its official capacity as the Supervisor of Defendant Lindahl.

5) This action is brought pursuant to Title 42 U.S.C. §1981 et seq. (Federal Civil Rights Act); and Title 5 M.R.S.A. §4682 et seq. (Maine Civil Rights Act).

6) This Court has ancillary and pendent jurisdiction over the state law claims as they arise out of a common nucleus of operative fact, and involve civil rights claims.

7) This Court's jurisdiction is based upon 28 U.S.C. §1331 granting jurisdiction where the claim arises out of a Federal Statute and upon the doctrine of pendent jurisdiction set forth in *Schwab v. Erie Lackawana R.R. Co.*, 803 F. Supp. 1398 (3rd Cir. 1971) providing Federal Court jurisdiction over state causes of action arising out of a common nucleus of operative fact.

8) On August 2, 2012 at approximately 8:50 p.m., Ms. Pamela Harding and her son, Ronald Harding, were in the drive thru lane at the McDonald's restaurant in Rockland, Maine.

9) The pickup in front of them was being driven by Ed Van Dyke. The passenger in the front seat was Robert LaCombe, Sr.

10) Mr. Van Dyke and Mr. LaCombe apparently pulled past the intercom over which they could place their order. At least one of them smelled of intoxicating liquor.

11) When they attempted to back up, the line of cars behind them had all pulled forward and stopped the Harding vehicle from backing up.

12) Mr. Van Dyke and Mr. LaCombe began yelling and gesturing to Mr. Harding to back up.

13) When he could not do so, one of the individuals got out of the pickup and walked back to the intercom to place an order. Mr. Van Dyke then pulled the pickup forward.

14) When the pickup stopped, Mr. LaCombe got out of the vehicle and went into the McDonalds. He returned with a broom handle and began beating on the window and passenger side of the Harding vehicle where Pamela Harding was sitting.

15) Mr. Harding got out of the vehicle and yelled for Mr. LaCombe to stop. Mr. Harding was petrified given his mother's recent heart attack that Mr. LaCombe was going to cause his mother to have another one.

16) Mr. LaCombe then attacked Mr. Harding, striking him with the broom handle. Immediately Mr. Van Dyke joined the melee and Mr. Harding was knocked to the ground and beaten.

17) Mr. Harding heard people yelling, "Call the police." He thought he would be protected when they arrived.

18) By the time the police arrived, the parties had separated. Ms. Harding was standing protectively by her son. While Mr. Van Dyke and Mr. LaCombe continued to threaten both Pamela and Ron Harding.

19) Sgt. Lindahl's careened into the McDonald's parking lot and immediately without any investigation, brutally manhandled, and then handcuffed Ron Harding.

20) When Pamela Harding attempted to object Sgt. Lindahl stepped on her foot and then forcibly struck her in the chest causing her to stagger backwards.

21) Deputy Chief Wallace Tower approached Mr. Harding's assailants in a calm and controlled manner.

22) Deputy Chief Tower professionally questioned Mr. LaCombe and Mr. VanDyke to determine what had happened. It was only after Deputy Chief Tower had completed a thorough investigation that Mr. LaCombe was arrested.

23) The management at McDonald's, the people in the best position to determine who initiated the assault, demanded that Sgt. Lindahl give a criminal trespass warning to Mr. Van Dyke and Mr. LaCombe.

24) The warning advised Mr. Van Dyke and Mr. LaCombe that if they were to return to the Rockland McDonald's they would be arrested for criminal trespass. No warning of any type was issued to the Hardings.

25) Detective Thompson of the Rockland Police concluded that there was no probable cause to arrest Mr. Harding and released him from Sgt. Lindahl's handcuffs.

26) On April 28, 2012, Pamela Harding had experienced "burning chest pain." She was brought to the Pen Bay Medical Center Emergency Room where a myocardial infarction was diagnosed. Ms. Harding was airlifted from Pen Bay to Maine Medical Center in Portland. Maine Medical Center treated Ms. Harding for a 95% proximal right coronary lesion. That means that Ms. Harding had a coronary obstruction that almost completely blocked her artery. Ms. Harding had surgery to put in Xience 4mm stent implanted.

27) Ms. Harding began Cardiac Rehab immediately after her surgery and was continuing to undergo cardiac rehabilitation at the time Sgt. Lindahl struck her in the chest.

28) Sgt. Lindahl struck Ms. Harding so hard that he left a bruise on Ms. Harding's chest causing her to suffer severe pain.

29) Ms. Harding's immediate and lingering fear was that Sgt. Lindahl's abuse would either cause a rupture of an artery or would lead to a heart attack. Ms. Harding immediately saw

Dr. Waterman the next day, August 3, 2012 and complained she had been hit in the chest and was experiencing chest pain.

30) When Ms. Harding went back to Dr. Waterman on October 23, 2012, she continued to complain of chest pain.

31) In August 2012 while the Hardings were at the Rockland McDonalds, Sergeant Matthew Lindahl knew that his manhandling of Ronald Harding constituted, including without limitation, an unlawful assault and battery in violation of Title 17-A M.R.S. §§ 207, 208, 208-B and was a violation of the Hardings' clearly established civil rights.

32) In August 2012 while the Hardings were at the Rockland McDonalds, Sergeant Matthew Lindahl knew that his physical striking of Pamela Harding constituted, including without limitation, an unlawful assault and battery in violation of Title 17-A M.R.S. §§ 207, 208, 208-B and was a violation of the Hardings' clearly established civil rights.

33) At all times identified above and relevant hereto Sergeant Matthew Lindahl was acting under the color of state law.

34) Sergeant Matthew Lindahl's physical assault violated Mr. Harding's Civil Rights, including without limitation his right to be free from assault, excessive force, cruel and unusual punishment, and his rights to equal protection and substantive due process under the Fourth, Eighth, and Fourteenth Amendments.

35) Sergeant Matthew Lindahl's physical assault violated Mr. Harding's Civil Rights, including without limitation his right to be free from assault, excessive force, cruel and unusual punishment, and his rights to equal protection and substantive due process under the Fourth, Eighth, and Fourteenth Amendments.

36) On January 24, 2013 the Hardings served the City of Rockland, Rockland Police Department with a Notice of Tort Claims.

37) The City of Rockland has failed to respond to the Notice of Tort Claims.

38) As a direct and proximate result of Sergeant Matthew Lindahl's violations of the Hardings' Civil Rights, The Hardings have suffered physical harm and severe emotional distress.

39) Sergeant Matthew Lindahl's actions in violation of State Law were in reckless disregard of the Hardings Civil Rights and warrant the imposition of punitive damages.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in the amount of $300,000 plus punitive damages, attorneys' fees, interest, costs and such other and further relief as this Court deems just and proper.

<u>COUNT II</u>

VIOLATION OF FEDERAL CIVIL RIGHTS
UNDER 42 U.S.C. §1983
DUE PROCESS

40) The Plaintiffs repeat, reaver, and reallege each and every allegation contained in paragraph one through thirty-nine as if expressly set forth herein.

41) The failure of Sargent Lindahl to ascertain any probable cause before arresting Mr. Harding were actions under the color of state law.

42) The failure of Sergeant Lindahl to ascertain any probable cause before arresting Mr. Harding were actions violating Mr. Harding's clearly established due process rights under the Fourth and Fourteenth Amendments.

43) As a direct and proximate result of Sargent Lindahl's actions, Mr. Harding has suffered severe emotional distress.

44) Sergeant Lindahl's actions were in reckless disregard of Ronald Harding's civil rights and warrant the imposition of punitive damages.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in the amount of $300,000 plus punitive damages, attorneys' fees, interest, costs and such other and further relief as this Court deems just and proper.

## COUNT III

### VIOLATION OF FEDERAL CIVIL RIGHTS
### UNDER 42 U.S.C. §1983
### EQUAL PROTECTION

45) The Plaintiffs repeat, reaver, and reallege each and every allegation contained in paragraph one through forty-four as if expressly set forth herein.

46) The handcuffing of Mr. Harding by Sergeant Lindahl, while the actual perpetrators were being questioned free of restraints by the Deputy Chief, is evidence of both excessive force and an equal protection violation

47) The City of Rockland Police Department knew, or should have known, that Sergeant Lindahl who is under their authority and control was violating the Hardings, civil rights.

48) The City of Rockland Police Department failed to meet its duties by failing to properly train and supervise Sergeant Lindahl under its authority and control on the law and policies and procedures concerning the civil rights of citizens.

49) As a direct and proximate result of the City of Rockland Police Department's failure to train and supervise Sergeant Lindahl under its control, Pamela and Ronald Harding suffered physical harm and severe emotional distress.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in the amount of $300,000 plus attorneys' fees, interest, costs and such other and further relief as this Court deems just and proper.

## COUNT IV

VIOLATION OF MAINE CIVIL RIGHTS ACT 5 M.R.S.A. §4682

50) The Plaintiffs repeat, reaver, and reallege each and every allegation contained in paragraph one through forty-nine as if expressly set forth herein.

51) .) Sergeant Lindahl's intentional actions against Pamela and Ronald Harding under the color of state law of physical assault while they were the victims and that Lindahl held a supervisory or disciplinary position as described above and incorporated herein by reference intentionally interfered by physical force or violence with the Hardings' enjoyment of rights secured by the Constitution of the State of Maine, including without limitation Article I, Sec. 5, 6-A, 9.

52) As a direct and proximate result of Sergeant Lindahl's intentional interference with Pamela and Ronald Hardings' Civil Rights, Pamela and Ronald Harding have suffered physical harm and severe emotional trauma.

53) Sargeant Lindahl's actions in engaging in a physical assault on Pamela Harding and falsely arresting Ronald Harding were so outrageous that they cannot be tolerated in a civilized society and imply malice.

54) Sergeant Lindahl's actions in engaging in a physical assault on Pamela Harding and falsely arresting Ronald Harding were in reckless disregard of the Hardings' Civil Rights and warrant the imposition of punitive damages.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in such amount as is reasonable in the premises, plus punitive damages, attorneys fees, interest, costs and such other and further relief as this Court deems just and proper.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### v. MATTHEW LINDAHL

55) The Plaintiffs repeat, reaver, and reallege each and every allegation contained in paragraph one through fifty-four as if expressly set forth herein.

56) Matthew Lindahl engaged in intentional or reckless conduct when he handcuffed Ronald Harding and struck Pamela Harding on August 2, 2012 and that conduct inflicted, or was substantially certain to result in, severe emotional distress to Pamela and Ronald Harding.

57) Matthew Lindahl's conduct in handcuffing Ronald Harding and striking Pamela Harding was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable.

58) As a direct and proximate result of Matthew Lindahl's conduct in handcuffing Ronald Harding and striking Pamela Harding on August 2, 2012, the Hardings suffered severe emotional distress and anxiety.

59) The Hardings' suffering was so severe that no reasonable person could be expected to endure it.

60) Matthew Lindahl's conduct in handcuffing Ronald Harding and striking Pamela Harding are so outrageous that they cannot be tolerated in a civilized society and constitute implied malice.

WHEREFORE, Pamela and Ronald Harding demand judgment against Matthew Lindahl in such amount as is reasonable in the premises, plus punitive damages, interest, costs, attorneys fees and such other and further relief as this Court deems just and proper.

## COUNT VI

### NEGLIGENT INFLICATON OF EMOTION DISTRESS
### v. MATTHEW LINDAHL
### (IN THE ALTERNATIVE)

61) The Plaintiffs repeat, reaver, and reallege each and every allegation contained in paragraph one through sixty as if expressly set forth herein.

62) Matthew Lindahl as a City of Rockland employee had a duty not to inflict emotional distress on a citizen.

63) Matthew Lindahl breached that duty of care by handcuffing Ronald Harding and striking Pamela Harding on August 2, 2012.

64) It was reasonable and foreseeable that Pamela Harding and Ronald Harding would suffer emotional distress and anxiety as a result of being handcuffed and struck by Matthew Lindahl.

65) As a direct and proximate result of Matthew Lindahl's breach of his duty of care, the Plaintiffs have suffered and continue to suffer severe emotional distress.

## COUNT VII

### Failure to Train / Municipal Liability

66.) The Plaintiffs repeat, reaver, and reallege each and every allegation contained in paragraph one through sixty-five as if expressly set forth herein.

67.) Chief Bruce Boucher is responsible for the training of Police Officers and insuring the policies and procedures of the Rockland Police Department are complied with by patrol officers.

68.) Chief Boucher failed to meet his duties in failing to properly train and supervise Officer Lindahl in proper police procedure.

69.) Chief Boucher failed to meet his duties in failing to properly train and supervise Officer Lindahl in the law and procedures regarding probable cause.

70.) Chief Boucher failed to meet his duties in failing to properly train and supervise Officer Lindahl in the law and procedures for arrest.

71.) As a direct and proximate result of Chief Boucher's failure to supervise and train Pamela and Ronald Harding suffered physical injuries and severe emotional distress.

WHEREFORE, the Plaintiffs, Pamela and Ronald Harding demand judgment against Matthew Lindahl in such amount as is reasonable in the premises, plus interest, costs, and such other and further relief as this Court deems just and proper.

The Plaintiffs demand a Jury on all Counts of theirs Complaint.

Respectfully submitted,

Dated: September 30, 2015

*/s/ Eric M. Mehnert*
Eric M. Mehnert, Esq.   Bar No. 3724

*/s/ Cynthia M. Mehnert*
Cynthia M. Mehnert, Esq. Bar No. 6809
Hawkes & Mehnert, LLP
PO Box 458
Orono, Maine 04473
Tel. 207.992.2602
Fax. 866.213.3945