UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RONALD HARDING and | ) | CIVIL ACTION |
| PAMELA HARDING, | ) | DOCKET NO. 2:15-cv-00396-NT |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW LINDAHL and | ) | |
| BRUCE BOUCHER, | ) | |
| | ) | |
| Defendants | ) | |

### DEFENDANTS' ANSWER TO COMPLAINT

NOW COME the Defendants, Matthew Lindahl and Bruce Boucher, as Chief of Police of the City of Rockland, by and through their attorneys, Richardson, Whitman, Large & Badger, and answer Plaintiff's Complaint as follows:

### COUNT I: VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

1. Defendants admit the allegations contained in ¶ 1 of Plaintiffs' Complaint.

2. Defendants admit the allegations contained in ¶ 2 of Plaintiffs' Complaint.

3. Defendants admit that Matthew Lindahl was and is a Sergeant at the City of Rockland Police Department. However, the remaining allegations of ¶ 3 of Plaintiffs' Complaint purport to state a legal conclusion, to which no response is required. To the extent an answer is deemed required, all material allegations are denied and Defendants demand strict proof thereof.

4. Paragraph 4 of Plaintiffs' Complaint purports to state a legal conclusion, to which no response is required. To the extent an answer is deemed required, all material allegations are denied and Defendants demand strict proof thereof.

5. Paragraph 5 of Plaintiffs' Complaint purports to state a legal conclusion, to which no response is required. To the extent an answer is deemed required, all material allegations are denied and Defendants demand strict proof thereof.

6. Paragraph 6 of Plaintiffs' Complaint purports to state a legal conclusion, to which no response is required. To the extent an answer is deemed required, all material allegations are denied and Defendants demand strict proof thereof.

7. Paragraph 7 of Plaintiffs' Complaint purports to state a legal conclusion, to which no response is required. To the extent an answer is deemed required, all material allegations are denied and Defendants demand strict proof thereof.

8. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 8 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

9. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 9 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

10. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 10 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

11. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 11 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

12. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 12 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

13. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 13 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

14. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 14 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

15. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 15 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

16. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 16 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

17. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 17 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

18. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 18 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

19. Defendants deny the allegations contained in ¶ 19 of Plaintiffs' Complaint and demand strict proof thereof.

20. Defendants deny the allegations contained in ¶ 20 of Plaintiffs' Complaint and demand strict proof thereof.

21. Defendants are without sufficient information to know whether the individuals were "assailants" and therefore deny the same. Defendants admit the remaining allegations contained in ¶ 21 of Plaintiffs' Complaint.

22. Defendants admit the allegations contained in ¶ 22 of Plaintiffs' Complaint.

23. Defendants admit that a representative of McDonalds Restaurant asked that the police warn Mr. Van Dyke and Mr. LaCombe not to return to the restaurant. Defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in ¶ 23 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

24. Defendants admit that one or more Rockland police officers warned Mr. Van Dyke and Mr. LaCombe not to return to the McDonalds Restaurant and that if they did so, they would be trespassing. Defendants deny the remaining allegations contained in ¶ 24 of Plaintiffs' Complaint.

25. Defendants admit that Mr. Harding was at no time placed under arrest regarding the incident at the McDonalds Restaurant. Defendants deny the remaining allegations contained in ¶ 25 of Plaintiffs' Complaint.

26. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 26 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

27. Defendants deny that Sgt. Lindahl struck Plaintiff Pamela Harding in the chest. Defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in ¶ 27 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

28. Defendants deny the allegations contained in ¶ 28 of Plaintiffs' Complaint and demand strict proof thereof.

29. Defendants deny that Sgt. Lindahl abused Ms. Harding. Defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in ¶ 29 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

30. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in ¶ 30 of Plaintiffs' Complaint and therefore deny same and demand strict proof thereof.

31. Defendants deny the allegations contained in ¶ 31 of Plaintiffs' Complaint and demand strict proof thereof.

32. Defendants deny the allegations contained in ¶ 32 of Plaintiffs' Complaint and demand strict proof thereof.

33. Paragraph 33 of Plaintiffs' Complaint purports to state a legal conclusion, to which no response is required. To the extent an answer is deemed required, all material allegations are denied and Defendants demand strict proof thereof.

34. Defendants deny the allegations contained in ¶ 34 of Plaintiffs' Complaint and demand strict proof thereof.

35. Defendants deny the allegations contained in ¶ 35 of Plaintiffs' Complaint and demand strict proof thereof.

36. Defendants admit that on January 28, 2013, the City of Rockland received a document dated January 24, 2013 and entitled "Notice To" the City, the Police Department, and Mr. Lindahl. Whether said document was served on January 24, 2013, or constituted a "Notice of Tort Claims" are legal conclusions to which no

response is required. To the extent any response is required, Defendants deny these allegations and demand strict proof thereof.

37. Defendants deny the allegations contained in ¶ 37 of Plaintiffs' Complaint and demand strict proof thereof.

38. Defendants deny the allegations contained in ¶ 38 of Plaintiffs' Complaint and demand strict proof thereof.

39. Defendants deny the allegations contained in ¶ 39 of Plaintiffs' Complaint and demand strict proof thereof.

WHEREFORE, the Defendants demand that the Plaintiffs' Complaint be dismissed with prejudice, and that the Defendants be awarded their costs and reasonable attorney's fees.

## COUNT II: VIOLATION OF FEDERAL CIVIL RIGHTS
## UNDER 42 U.S.C. § 1983—DUE PROCESS

40. Defendants repeat and reaffirm their responses to ¶¶ 1 through 39 of this Answer, with the same force and effect as if more fully set forth herein.

41. Defendants deny the allegations contained in ¶ 41 of Plaintiffs' Complaint and demand strict proof thereof.

42. Defendants deny the allegations contained in ¶ 42 of Plaintiffs' Complaint and demand strict proof thereof.

43. Defendants deny the allegations contained in ¶ 43 of Plaintiffs' Complaint and demand strict proof thereof.

44. Defendants deny the allegations contained in ¶ 44 of Plaintiffs' Complaint and demand strict proof thereof.

WHEREFORE, the Defendants demand that the Plaintiffs' Complaint be dismissed with prejudice, and that the Defendants be awarded their costs and reasonable attorney's fees.

## COUNT III: VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983—EQUAL PROTECTION

45. Defendants repeat and reaffirm their responses to Paragraphs 1 through 44 of this Answer, with the same force and effect as if more fully set forth herein.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Complaint and demand strict proof thereof.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint and demand strict proof thereof.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint and demand strict proof thereof.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint and demand strict proof thereof.

WHEREFORE, the Defendants demand that the Plaintiffs' Complaint be dismissed with prejudice, and that the Defendants be awarded their costs and reasonable attorney's fees.

## COUNT IV: VIOLATION OF MAINE CIVIL RIGHTS ACT 5 M.R.S.A. § 4682

50. Defendants repeat and reaffirm their responses to ¶¶ 1 through 49 of this Answer, with the same force and effect as if more fully set forth herein.

51. Defendants deny the allegations contained in ¶ 51 of Plaintiffs' Complaint and demand strict proof thereof.

52. Defendants deny the allegations contained in ¶ 52 of Plaintiffs' Complaint and demand strict proof thereof.

53. Defendants deny the allegations contained in ¶ 53 of Plaintiffs' Complaint and demand strict proof thereof.

54. Defendants deny the allegations contained in ¶ 54 of Plaintiffs' Complaint and demand strict proof thereof.

WHEREFORE, the Defendants demand that the Plaintiffs' Complaint be dismissed with prejudice, and that the Defendants be awarded their costs and reasonable attorney's fees.

### COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### v. MATTHEW LINDAHL

55. Defendants repeat and reaffirm their responses to ¶¶ 1 through 54 of this Answer, with the same force and effect as if more fully set forth herein.

56. Defendants deny the allegations contained in ¶ 56 of Plaintiffs' Complaint and demand strict proof thereof.

57. Defendants deny the allegations contained in ¶ 57 of Plaintiffs' Complaint and demand strict proof thereof.

58. Defendants deny the allegations contained in ¶ 58 of Plaintiffs' Complaint and demand strict proof thereof.

59. Defendants deny the allegations contained in ¶ 59 of Plaintiffs' Complaint and demand strict proof thereof.

60. Defendants deny the allegations contained in ¶ 60 of Plaintiffs' Complaint and demand strict proof thereof.

WHEREFORE, the Defendants demand that the Plaintiffs' Complaint be dismissed with prejudice, and that the Defendants be awarded their costs and reasonable attorney's fees.

### COUNT VI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### v. MATTHEW LINDAHL (IN THE ALTERNATIVE)

61. Defendants repeat and reaffirm their responses to ¶¶ 1 through 60 of this Answer, with the same force and effect as if more fully set forth herein.

62. Paragraph 62 of Plaintiffs' Complaint purports to state a legal conclusion, to which no response is required. To the extent an answer is deemed required, all material allegations are denied and Defendants demand strict proof thereof.

63. Defendants deny the allegations contained in ¶ 63 of Plaintiffs' Complaint and demand strict proof thereof.

64. Defendants deny the allegations contained in ¶ 64 of Plaintiffs' Complaint and demand strict proof thereof.

65. Defendants deny the allegations contained in ¶ 65 of Plaintiffs' Complaint and demand strict proof thereof.

## COUNT VII: FAILURE TO TRAIN / MUNICIPAL LIABILITY

66. Defendants repeat and reaffirm their responses to ¶¶ 1 through 65 of this Answer, with the same force and effect as if more fully set forth herein.

67. Defendants admit that Chief Boucher is partially responsible for assuring that Rockland police officers have the mandatory training required by the State of Maine. Defendants deny the remaining allegations contained in ¶ 67 of Plaintiffs' Complaint and demand strict proof thereof.

68. Defendants deny the allegations contained in ¶ 68 of Plaintiffs' Complaint and demand strict proof thereof.

69. Defendants deny the allegations contained in ¶ 69 of Plaintiffs' Complaint and demand strict proof thereof.

70. Defendants deny the allegations contained in ¶ 70 of Plaintiffs' Complaint and demand strict proof thereof.

71. Defendants deny the allegations contained in ¶ 71 of Plaintiffs' Complaint and demand strict proof thereof.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed with costs and reasonable attorney's fees awarded to the Defendant and for such other and further relief as may be just and proper.

## **AFFIRMATIVE DEFENSES**

72. Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which relief can be granted against Defendants.

73. Plaintiffs' Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

74. Defendants reserve the right to demonstrate that either or both Plaintiffs are guilty of comparative fault, either directly or by imputation, of such a degree as to bar or reduce any recovery to which they might otherwise be entitled.

75. Defendants reserve the right to demonstrate, if appropriate, that either or both Plaintiffs have failed to mitigate damages.

76. Defendants reserve the right to demonstrate, if appropriate, that there are other causes of the damages and injuries of which either or both Plaintiffs complain, whether pre-existing, intervening, or otherwise.

77. The negligence, carelessness and/or recklessness of either or both Plaintiffs was the contributory and proximate cause(s) of the damages alleged in the Complaint to such a degree as to bar or reduce any recovery against Defendant.

78. Defendants reserve the right to demonstrate that the negligence of third parties, not under the control of Defendants, were the sole, proximate and intervening cause of the damages and injuries of which Plaintiffs complain.

79. Plaintiffs assumed the risk of injury by their actions and so their claims are reduced or barred.

80. Plaintiffs' Complaints are barred by the doctrine of waiver.

81. Plaintiffs' Complaint is barred by failure to give appropriate Notice of Claim under the federal Civil Rights Act of 1964, as amended, and/or the Maine Tort Claims Act.

82. Plaintiffs' claim for damages against these Defendants is limited by the doctrine of sovereign immunity and provisions of the Maine Tort Claims Act.

DATED at Portland, Maine this 14th day of December, 2015.

/s/ John S. Whitman
John S. Whitman (Bar # 35)

/s/ Heidi J. Hart
Heidi J. Hart (Bar # 4243)
Attorneys for Defendants

Richardson, Whitman, Large & Badger
465 Congress Street
P. O. Box 9545
Portland, ME  04112-9545
(207) 774-7474
jwhitman@rwlb.com; hhart@rwlb.com

**CERTIFICATE OF SERVICE**

This is to certify that on the above date, Defendants' Answer to Plaintiffs' Complaint was electronically filed with the Court using the CM/ECF system, which will send notification of such filing to:

> Eric M. Mehnert, Esquire
> Cynthia M. Mehnert, Esquire
> Hawkes & Mehnert, LLP
> PO Box 458
> Orono, Maine  04473

/s/ John S. Whitman
John S. Whitman (Bar # 35)

Richardson, Whitman, Large & Badger
465 Congress Street
P. O. Box 9545
Portland, ME  04112-9545
(207) 774-7474; jwhitman@rwlb.com